IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 6, 2024

## JAH'QUIE BROWN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
No. C-23-309      Joseph T. Howell, Judge
_____

**No. W2024-00327-CCA-R3-PC**
_____

The Petitioner, Jah'quie Brown, appeals the post-conviction court's dismissal of his petition for post-conviction relief as untimely. He argues he is entitled to tolling of the statute of limitations because his trial counsel failed to inform him of his right to file a direct appeal or petition for post-conviction relief. After review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TOM GREENHOLTZ, JJ., joined.

William J. Milam, Jackson, Tennessee, for the appellant, Jah'quie Brown.

Jonathan Skrmetti, Attorney General and Reporter; Katherine Orr, Assistant Attorney General; Jody Pickens, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Petitioner filed a pro se petition for post-conviction relief on November 15, 2023. Neither the petition, nor the appellate record, contain the judgments of conviction. According to the petition, the Petitioner was convicted by a Madison County jury of possession of a firearm, attempted possession of drug paraphernalia, and driving with a suspended license, and sentenced to fifteen years. No direct appeal was filed. The Petitioner contended that though the post-conviction petition was not filed within the one-year statute of limitations, his claim should not be barred because he "had [a] lack of

knowledge that [he] couldn't go back up for another [trial][.]" The State filed a motion to dismiss the petition because it was untimely. The post-conviction court appointed counsel to represent the Petitioner, but no amended petition was filed.

The post-conviction court held a hearing on the petition. At the hearing, post-conviction counsel conceded that the petition was untimely and stated that the Petitioner "would like to offer some testimony as to why no direct appeal was filed and some further insight as to why [there was a] delay in the filing of this post-conviction petition." The Petitioner testified that after his motion for new trial was denied, he was unable to hire counsel for an appeal. He did not ask the trial court to appoint counsel and was unaware that was an option. He did not hear from trial counsel after his motion for new trial was denied. Due to the pandemic, the prison was "locked down" and he was unable to access the law library. After the pandemic ended in 2022, he started going to the law library and learned he had a right to appeal his convictions. At the conclusion of his testimony, the post-conviction court said, "[The Petitioner], and I take him at his word, but there's nothing that would authorize the tolling of that statute of limitations under the law."

The post-conviction court filed an order dismissing the petition as untimely. The order stated that the trial court filed its order denying the Petitioner's motion for new trial on March 27, 2020.[1] The Petitioner took no further action until filing the instant petition more than three years later. The post-conviction court determined that "nothing in the [Petitioner's] testimony is a basis for the [c]ourt to extend the [one]-year statute of limitations." Accordingly, the court dismissed the petition. This timely appeal followed.

## ANALYSIS

The Petitioner argues that the post-conviction court erred in dismissing his petition for post-conviction relief. He contends that the statute of limitations should have been tolled because "he did not receive any information from his attorney concerning his direct appeal nor any information concerning post-conviction relief." The State responds, and we agree, that the Petitioner failed to establish he was entitled to due process tolling.

A petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." Tenn. Code Ann. § 40-30-102(a). "Time is of the essence of the right to file a petition for post-conviction relief . . . and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." Id. The timeliness of a petition for post-

---

[1] Neither the motion for new trial, a transcript of the motion for new trial hearing, nor the order denying the motion for new trial is included in the appellate record.

- 2 -

conviction relief is therefore jurisdictional, and if the petition is not timely, a court is without authority to grant or deny relief.

In addition to the statutory exceptions, a court may consider an untimely petition for post-conviction relief if applying the statute of limitations would deny a petitioner due process. Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992). Whether due process requires tolling of the post-conviction statute of limitations is a mixed question of law and fact subject to de novo review. Whitehead v. State, 402 S.W.3d 615, 621 (Tenn. 2013) (citing Smith v. State, 357 S.W.3d 322, 355 (Tenn. 2011)). A post-conviction court's findings of fact, however, are conclusive on appeal unless the evidence preponderates against them. Id. The Tennessee Supreme Court has identified three circumstances in which due process requires tolling of the statute of limitations: (1) claims arising after the statute of limitations has expired; (2) claims based on mental incompetence that prevented the petitioner from complying with the statute of limitations; and (3) claims based on attorney misconduct. Id. at 623-24. However, equitable tolling "must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. at 631-32 (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

A petitioner is entitled to due process tolling based on attorney misconduct if the petitioner shows that: (1) he or she has been pursuing his or her rights diligently; and (2) some extraordinary circumstance prevented timely filing. Id. at 631 (citing Holland v. Florida, 560 U.S. 631, 649 (2010)). The first prong "does not require a [petitioner] to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts. . . . Moreover, the due diligence inquiry is an individualized one that must take into account the conditions of confinement and the reality of the prison system." Id. (quoting Downs v. McNeil, 520 F.3d 1311, 1323 (11th Cir. 2008)). The second prong is met when the petitioner's attorney "abandons the [petitioner] or acts in a way directly adverse to the [petitioner's] interest, such as by actively lying or otherwise misleading the [petitioner] to believe things about his or her case that are not true." Id. The Tennessee Supreme Court has highlighted that "[i]n every case in which we have held the statute of limitations is tolled, the pervasive theme is that circumstances beyond a petitioner's control prevented the petitioner from filing a petition for post-conviction relief within the statute of limitations." Smith, 357 S.W.3d at 358 (emphasis in original).

Both parties agree that the petition was untimely. Because no direct appeal was filed, the statute of limitations began to run on March 27, 2020, when the trial court denied the Petitioner's motion for new trial. State v. Mixon, 983 S.W.2d 661, 670 (Tenn. 1999) ("If a post-trial motion is timely filed, the judgment becomes final upon entry of an order disposing of the post-trial motion."); Tenn. R. App. P. 4(c). Accordingly, the deadline for

filing a post-conviction petition was March 27, 2021. The Petitioner did not file the petition until November 15, 2023—more than two years after the expiration of the statute of limitations. The post-conviction court was therefore without jurisdiction to address the petition unless the Petitioner established that he was entitled to due process tolling.

We conclude that the Petitioner is not entitled to due process tolling. First, he failed to establish he was pursuing his rights diligently. The Petitioner testified that he did not hear from his trial counsel after his motion for new trial was denied. Because he was unable to access the prison's law library during the pandemic, he did not learn he had the right to appeal until the library reopened in 2022. He did not file his petition, however, until November 15, 2023. Though he did not specify at what point in 2022 the library reopened, he waited somewhere between nine months and one year and nine months to pursue his rights. See Williams v. State, No. E2022-01768-CCA-R3-PC, 2023 WL 7130296, at *4 (Tenn. Crim. App. Oct. 30, 2023) ("[E]ven if restricted library access could constitute a circumstance beyond the Petitioner's control that prevented a timely filing of his petition— and it does not—we conclude that the Petitioner has failed to show that he pursued his rights diligently."), perm. app. denied (Tenn. Apr. 11, 2024). Second, he failed to establish that some extraordinary circumstance prevented timely filing. This court has routinely concluded that trial counsel's failure to advise a petitioner about the right to seek post-conviction relief does not justify equitable tolling. See McVay v. State, No. W2021-00324-CCA-R3-PC, 2022 WL 421112, at *4 (Tenn. Crim. App. Feb. 11, 2022), perm. app. denied (Tenn. June 9, 2022); Carter v. State, No. W2018-00285-CCA-R3-PC, 2018 WL 6266166, at *3 (Tenn. Crim. App. Nov. 30, 2018), perm. app. denied (Tenn. Mar. 28, 2019). Accordingly, this is not one of the rare instances where enforcing the limitations period would be unconscionable. Whitehead, 402 S.W.3d at 631-32.

## CONCLUSION

Because the Petitioner is not entitled to due process tolling, we affirm the judgment of the post-conviction court.

_____
CAMILLE R. MCMULLEN, PRESIDING JUDGE